IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES C. WHITTINGTON, )
)
    Plaintiff, )
)
v. )
) CIVIL ACTION NO. 99-G-3303-S
SHONEY'S, INC.,, )
)
    Defendant. )

ENTERED
DEC 1 4 2000

MEMORANDUM OPINION

    Plaintiff James C. Whittington lunched (hamburger and salad from the salad bar) at Shoney's, Inc. [hereinafter Shoney's] on November 19, 1998, at its Crestwood Boulevard location in Birmingham, Alabama. While eating the hamburger a tooth broke. Plaintiff spit the broken material into a napkin.[1] Although plaintiff testified that he had a metallic taste in his mouth he admits that the metallic taste could have been from his cavity filling. He does not know what

---

[1] The material was not saved so it is impossible to determine what it was.

the object was, but *suspects* the hamburger contained an unidentified foreign object.

Mr. Whittington went immediately from Shoney's to his dentist Dr. Jocelyn McClelland. The doctor testified that she removed what filling was left in the tooth, excavated decay, and performed a Ketac buildup. According to her it was possible to break a tooth by biting down on a filling that had come out and possible to have a tooth broken a day or several days before the tooth came apart. She was unable to say where the "foreign object" that plaintiff bit down on came from or what it was.[2]

On November 3, 1999, plaintiff filed this case in the Circuit Court of the Tenth Judicial Circuit of Alabama, alleging Shoney's negligently or wantonly prepared the food served him and breached its implied warranty of merchantability. The defendant removed the case to federal court wherein it filed the November 2, 2000, motion for summary judgment presently before the court.

The *only* evidence before the court is that Mr. Whittington broke a tooth while eating a hamburger at Shoney's. The Supreme Court of Alabama in

---

[2] Both plaintiff and Dr. McClelland have *speculated* that a "foreign object" broke the tooth, but there is no evidence to support the allegation, particularly in light of Dr. McClelland's testimony that a tooth could come apart a day or several days after being broken.

2

*Jordan v. General Motors Corp*, 581 So. 2d 835, 836 (Ala. 1991) held that evidence that a driver received injuries as a result of an accident while wearing a seat belt was alone insufficient to support a claim under the Alabama Extended Manufacturer's Doctrine. Under this holding the plaintiff must show that the product was sold with a defect or in a defective condition. *See Casrell v. Altec Industries, Inc.*, 335 So. 2d 128, 132, 133 (Ala. 1976) for definitions of defect.[3] In *Owens v. Food World, Inc.*, 668 So. 2d 841, 843 (Ala. Civ. App. 1995) (referring to *Tice v. Tice*, 361 So. 2d 1051, 1052 (Ala. 1978)), the court held that "[n]o presumption of negligence accompanies an injury to an invitee.) *See also, McCarley v. Wood Drugs*, 153 So. 446, 447 (Ala. 1934) ("[N]egligence or breach of duty is not to be presumed."); *C.C. Hooper Café Co. v. Henderson*, 137 So. 419, 421 (Ala. 1931) ("[P]roof that plaintiff ate the food and as a consequence became sick was held not to make out a prima facie case of negligence, nor shift the burden to the defendant.").

---

[3] "'[D]efect' is that which renders a product 'unreasonably' dangerous, i.e., not fit for its intended purpose. ... 'Defective' is interpreted to mean that the product does not meet the reasonable expectations of an ordinary consumer as to its safety. Comment g. of the Restatement [Second of Torts (1965)] says that defective condition applies when, at the time the product leaves the seller's hands, it is in a condition not contemplated by the ultimate consumer."

More recently in *Ex parte Harold L. Martin Distributing Co., Inc.*, 769 So. 2d 313 (Ala. 2000), *on remand to, Williams v. Harold L. Martin Distributing Co., Inc*, 769 So. 2d 316 (Ala. Civ. App. 2000),[4] a customer allegedly tripped and fell outside of a convenience store's front door in the area of the sidewalk, curb, and wheelchair ramp. The court again referred to *Tice* when it reiterated that there "is no presumption of negligence which arises from the mere fact of an injury to an invitee."[5] In discussing the fatal defect in the *Williams's* case the court said that she failed to produce evidence showing a chain of causation. She could not identify the cause of her fall. From her own testimony the cause of the accident was a matter of pure speculation. At 315 the court said the following:

> Alabama juries are not permitted to speculate as to the cause of an accident. *See Brookwood Medical Ctr. v. Lindstrum*, 763 So. 2d 951 (Ala. 2000); *Turner v. Azalea Box Co.*, 508 So. 2d 253, 254 (Ala. 1987) ("[w]hen evidence points equally to inferences that are favorable and to inferences that are unfavorable to the moving party, the evidence lacks probative value; and the evidence may not be used

---

[4] The judgment of the Court of Civil Appeals, to the extent it reversed the summary judgment, was reversed and the cause remanded.

[5] "[T]o hold defendants liable under the circumstances of *Tice* and those of this case would render premises owners virtual insurers of others' safety and would impose liability that is nearly absolute. No such rule can be deduced from our cases, and we decline to adopt one."

4

to support one inference over another because such use is mere conjecture and speculation").

There being no evidence in the case at bar other than the fact that the plaintiff broke a tooth while at Shoney's, the defendant's motion for summary judgment is GRANTED. Plaintiff's case is grounded on nothing more than speculation. He cannot identify the cause of the tooth's breakage. An order consistent with this opinion is being contemporaneously herewith.

DONE and ORDERED this 13th day of December 2000.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.